**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL EWERT, on behalf of himself and for the Benefit of all with Common General Interest, any Persons Injured, and all others similarly situated, | No. 12-17251 |
| | D.C. No. 5:07-cv-02198-RMW |
| Plaintiff - Appellant, | MEMORANDUM[*] |
| v. | |
| eBAY, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Plaintiffs, users of the online marketplace eBay.com, alleged claims for breach of contract and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and False Advertising Law ("FAL"), *id.* § 17500, against defendant eBay, Inc. ("eBay"). Plaintiffs alleged that the delays between the time an eBay seller posts an item and the time that item's listing appears in search results constituted a breach of the User Agreement and violated the UCL and the FAL. They proposed as their theory of damages a "pro rata refund" of the fees sellers pay to list their items, prorated to the proportion of listing time lost to delay. Plaintiffs also alleged that eBay breached its User Agreement with sellers of renewable, "Good 'Til Cancelled" ("GTC") listings by raising fees for existing listings.

Plaintiffs appeal the district court's grant of summary judgment in favor of eBay on all claims arising from the alleged search delays. They also appeal the district court's ruling granting eBay's motion to dismiss the GTC listing claims under Federal Rule of Civil Procedure 12(b)(6) and denying plaintiffs' request for leave to amend.

We review de novo the district court's grant of summary judgment and its grant of eBay's motion to dismiss. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.

2

2005). We review the district court's denial of leave to amend for abuse of discretion. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err when it granted eBay's motion for summary judgment on plaintiffs' breach of contract claim. Summary judgment is proper only when, "viewing the evidence in the light most favorable to the nonmoving party, there are no issues of material fact and the trial court correctly applied the substantive law." *Aguilera*, 223 F.3d at 1014. A court may grant summary judgment when the nonmoving party fails "to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In support of its motion for summary judgment, eBay presented an expert report to show that plaintiffs could not meet their burden to establish a class-wide approximation of damages. When damages are an essential element of the plaintiffs' claim, failure to "offer competent evidence of damages" supports a grant of summary judgment. *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751-52 (9th Cir. 2001) (granting defendant's motion for summary judgment because plaintiff "failed to offer any evidence establishing the amount of damage he suffered"). Here, although plaintiffs argue that a pro rata refund is a viable theory under

certain circumstances, *see Ammari Elecs. v. Pacific Bell Directory*, Nos. A126326, A126786, 2011 WL 5547588, at \*3 (Cal. Ct. App. Nov. 15, 2011), they failed to present any evidence demonstrating the viability of a pro rata refund in an auction-style online marketplace context. We thus agree with the district court that plaintiffs failed to present evidence showing that a pro rata refund is a reasonable estimate for computing damages. *See Acree v. Gen. Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 398 (2001) ("The law requires only that some reasonable basis of computation be used.").

The district court also properly granted summary judgment on plaintiffs' claims for equitable relief under the UCL and FAL, Cal. Bus. & Prof. Code §§ 17200, 17500. Rather than seeking equitable relief in the form of an injunction on their UCL and FAL claims, plaintiffs sought monetary restitution under the same pro rata refund theory. Unlike damages, restitution is designed "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003). However, a restitution award under the UCL and FAL "must be supported by substantial evidence." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006). On summary judgment, eBay offered evidence through its expert that a pro rata refund was an improper measure of restitution, and plaintiffs failed

4

to counter eBay's evidence with any evidence of their own. Without such evidence, plaintiffs have not demonstrated a factual basis supporting an award of restitution under their pro rata theory.

**2.** The district court properly granted eBay's motion to dismiss plaintiffs' GTC listing claims pursuant to Rule 12(b)(6). To prevail in a breach of contract suit, a plaintiff must allege all the elements of the claim, including defendant's breach of a contract term. *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (2011). Here, the GTC plaintiffs failed to identify a provision in the User Agreement that either expressly prohibited eBay from increasing its fees or created an exception to the general rule set forth in the User Agreement that eBay could raise fees with proper notice. *See Kashmiri v. Regents of the Univ. of Cal.*, 156 Cal. App. 4th 809, 821, 839 (2007).

Nor did the district court abuse its discretion when it denied the GTC class leave to amend its complaint to add equitable claims under the UCL and FAL. A court may deny leave to amend due to futility or legal insufficiency if the amendment would fail a motion to dismiss under Rule 12(b)(6). *See Miller*, 845 F.2d at 214. Because the district court correctly determined that plaintiffs had failed to allege breach of an express contract term, their state law claims would have been subject to dismissal under Rule 12(b)(6) for lack of a predicate injury.

5

**AFFIRMED.**